837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RESEARCH, ANALYSIS & DEVELOPMENT, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1225.
 United States Court of Appeals, Federal Circuit.
 Dec. 7, 1987.
 
 Before PAULINE NEWMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States Claims Court (Claims Court), dated January 6, 1987, denying the claim for damages asserted by Research, Analysis, & Development, Inc. (appellant) and dismissing the complaint, is affirmed.
 
 OPINION
 
 2
 As previously adjudicated by the Claims Court, 8 Cl.Ct. 54 (1985), the United States bears liability for breach of an implied-in-fact contract of nondisclosure relative to the contents of appellant's unsolicited proposal. It was there determined that the United States' publication of a synopsis of appellant's technology in a trade publication constituted a public release of novel and unique concepts proprietary to appellant. The subject technology has been denoted "Structure as a Sensor" (SAAS).
 
 
 3
 The instant appeal addresses the sole question of the damages stemming from the United States' liability. The Claims Court determination that appellant has failed to sustain its burden of proof of any damages is based on a thorough review of the evidence. Damages stemming from liability by the United States for disclosure of information submitted in confidence were evaluated in accordance with the measures established in Padbloc Co. v. United States, 161 Ct.Cl. 369 (1963) (where feasible, recovery of damages measured by (a) probable purchases and (b) probable profits on those purchases based on full contract performance).
 
 
 4
 The Claims Court determination of no damages is based primarily on a finding that the disclosed technology lacked feasibility and marketability. In the absence of evidence that there has been any commercial development of SAAS technology in the ten years since the subject publication, claims of loss of potential customers, probable purchases or profits from those purchases were found to be merely speculative. Similarly, no support was found for assertions of any harm appellant may have had in immediate dealings with its principal customer, the United States. We find no clear error in the Claims Court's findings.
 
 
 5
 Appellant's assertion of entitlement stemming from the singular act of the release of proprietary information is misplaced. Compensation under the "well settled law of trade secrets" or in analogy to royalties from patent infringement would exceed the measure of damages available under a theory of contract. The Claims Court properly recognized that under its jurisdictional limitations a cognizable claim for damages arising under the contractual relationship may not be extended to encompass damages which might arise from an action sounding in tort. Airborne Data, Inc. v. United States, 702 F.2d 1350, 1353 (Fed.Cir.1983).